IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDON SCOTT                                                                            PLAINTIFF

v.                             Civil No. 5:23-cv-05188-TLB-CDC

DR. ROBERT KARAS, Karas Correctional
Health; EARL HINELY, Registered Nurse;
TIM HELDER, Former Sheriff; and JOHN
DOES 1-11, Washington County Jail                          DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Brandon Scott ("Scott") pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is currently before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.  BACKGROUND**

According to the allegations of his Amended Complaint, Scott was incarcerated in the Washington County Detention Center (WCDC) during May of 2020. (ECF No. 9 at 5). Scott was given medication and started having symptoms later that night which included a high temperature, bad headaches, body aches, "cotton mouth," and cold sweats; he also describes that his eyes were hurting and watering. *Id.* at 5-7.

---

[1] Enacted as part of the Prison Litigation Reform Act.

1

In October of 2023, after reading a newspaper article, Scott learned that the medication he was given in May of 2020 was Ivermectin. (ECF No. 9 at 5 & 7). Scott alleges Defendant Karas was giving Ivermectin medication to the WCDC inmates and claiming it was a cure for COVID-19. *Id.* at 6. The medication was given to the inmates by Defendant Hinely and other nurses working on the morning shift, and the inmates were told the pills were vitamins. *Id.* 6 & 7. Scott maintains he was used as a "lab rat" without his consent. *Id.* at 6. Scott indicates Defendant Hinely gave the pills to the inmates daily. *Id.* at 7. Scott describes that he was given no medication to relieve his described symptoms. *Id.*

Scott says that, over the years, he noticed that his stomach had been "feeling funny since 2020." (ECF No. 9 at 6). Scott indicates he has been prescribed "all types of medication" to get his "stomach back under control." *Id.* at 7. After reading the newspaper article, Scott believes he now knows the cause of his stomach problems – the Ivermectin. *Id.* at 7.

With respect to Defendant Helder, Scott alleges Defendant Helder was over the detention facility and as such was in charge of inmate safety. (ECF No. 9 at 9). Scott alleges Defendant Helder violated his duties when he allowed Defendants Karas and Hinely, as well as other medical staff, to distribute Ivermectin under the guise of it being vitamins. *Id.*

As relief, Scott seeks compensatory and punitive damages. (ECF No. 9 at 10). Scott requests the Court prevent Defendants from ever using Ivermectin again and seeks a reduction in his sentence. *Id.*

## II.  LEGAL STANDARD

Pursuant to § 1915A, the Court is obliged to screen any case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Statute of Limitation

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014).

The Court must next determine when this applicable statute of limitations began running. While state law provides the statute of limitations, federal law applies in determining when a cause

3

of action accrues. *Wallace v. Kato,* 549 U.S. 384, 388 (2007). Generally, a cause of action accrues when the plaintiff has a complete and present cause of action. *Id.*; *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief"). Here, Scott alleges he did not know the medication he was given was Ivermectin or that it was responsible for his medical problems until October of 2023. Scott filed this lawsuit later the same month – on October 26, 2023. Thus, if his cause of action did not accrue until he learned of the medication he was given and that this was the cause of his illness, this lawsuit would be timely filed. On the other hand, if his cause of action accrued when Scott first felt the ill effects of the medication in May of 2020, his lawsuit would be barred.

The federal "discovery rule" delays the accrual of the cause of action until "the plaintiff discovers, or reasonably should have discovered" his injury. *Klehr v. A.O. Smith Corp.,* 87 F.3d 231, 238 (8th Cir. 1996). *See also Alcorn v. Burlington N. R.R.,* 878 F.2d 1105, 1108 (8th Cir. 1989) (cause of action accrues "when a claimant knows, or should know through an exercise of reasonable diligence, of the acts constituting the alleged violation). This leads to an examination of Plaintiff's claims and injuries.

Pretrial detainees and prisoners have a well-established "right not to have known, objectively serious medical needs disregarded." *Fourte v. Faulkner Cty., Ark.*, 746 F.3d 384, 387 (8th Cir. 2014). To establish a violation of this right, Scott must show that he (1) suffered from an objectively serious medical need, and (2) detention officials actually knew of, but deliberately disregarded, those needs. *Id.* (internal quotation marks and citations omitted). "Deliberate indifference may be found where "'medical care [is] so inappropriate as to evidence intentional maltreatment.'" *Id.* (quoting *Smith v. Jenkins,* 919 F.2d 90, 92 (8th Cir. 1990).

Scott has alleged two separate and distinct injuries from his receipt of the Ivermectin. First, he alleges that once he was given the alleged vitamins, he began experiencing flu like symptoms. Second, Scott alleges that when he began developing stomach problems, he was unaware of the cause of these problems until he later learned he had been given not vitamins but Ivermectin.

For screening purposes, the Court believes Scott sufficiently has alleged the existence of a valid denial of medical care claim against Defendants Karas and Hinely and perhaps an alleged infringement upon his recognized liberty interest in bodily integrity. Scott sufficiently has alleged that he did not know, nor should he have known, that the medication he was given was the cause of his illness and developing stomach problems until he read a news article about Ivermectin's use on inmates. *Roberts v. Doe,* No. 4:21-cv-00008, 2022 WL 18635731, *3 (S.D. Iowa March 28, 2022) ("cause of action accrues, and the statute of limitations commences to run, when [Plaintiff] knew or reasonably should have known of the injury that forms the basis of the claim"). Scott's claims against Defendants Kara and Hinely may move forward.

### B.  Defendant Helder

Liability for damages under § 1983 is personal. *Reece v. Hale,* 58 F.4th 1027, 1030 (8th Cir. 2023). An individual is liable only if he was personally involved in the alleged unconstitutional conduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). A warden or sheriff's general supervisory authority over a detention facility does not make him liable under § 1983. *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007). "Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in creating, applying, or interpreting a policy that gives rise to unconstitutional conditions." *Jackson v. Nixon,* 747 F.3d 537, 543 (8th Cir. 2014).

Here, Scott alleges Defendant Helder was over the detention center in May of 2020 and was supposed to be in charge of inmate safety. (ECF No. 9 at 9). Scott maintains Defendant Helder violated his "job and duties" by allowing the medical staff to experiment by giving the inmates Ivermectin while claiming the pills were vitamins. *Id.* Scott contends Defendant Helder is supposed to take care of inmates' medical and mental needs and protect them from harm. (*Id.* at 8).

Scott does not allege that Defendant Helder was aware in May of 2020 of the fact that Defendant Karas and Hinely were allegedly providing inmates with Ivermectin. Scott does not allege any direct involvement on the part of Defendant Helder in administering medical care or providing guidelines or guidance for medical staff in connection with the provision of medical care, or any direct knowledge regarding the provision of Ivermectin. Scott has pointed to no policy, custom, or widespread practice, created, implemented, enforced, or resulting from Defendant Helder's actions or inaction or any failure to train on his part. Defendant Helder is therefore entitled to the dismissal of the claims against him.

## IV.  CONCLUSION

Accordingly, it is recommended that **ALL CLAIMS** against Defendant Helder be **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

By separate Order, the Complaint and this Report and Recommendation will be served on Defendants Karas and Hinely.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:** This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

DATED this 28th day of February 2024.

*s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE