IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BRANDON SCOTT**                                                                              **PLAINTIFF**

V.                                        **CASE NO. 5:23-CV-5188**

**DR. ROBERT KARAS, Karas Correctional Health;
and EARL HINELY, Registered Nurse,
Karas Correctional Health**                                                                **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 31) filed on November 18, 2024, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She recommends that Defendants' Motion for Summary Judgment Regarding the Issue of Exhaustion (Doc. 20) be denied. On November 25, 2024, Defendants filed timely Objections (Doc. 32) to certain rulings in the R&R. This prompted the Court to review the record *de novo*, paying particular attention to all proposed findings and recommendations that drew objection.

Plaintiff Brandon Scott claims in his Amended Complaint (Doc. 9) that while he was housed at the Washington County Detention Center ("WCDC") on or about May 6, 2020, he was given the drug Ivermectin without his knowledge or consent as part of an experimental protocol to treat and/or prevent COVID-19. The protocol was allegedly devised by Defendant Dr. Robert Karas for use throughout the jail population and administered by Dr. Karas's employees, including Defendant Earl Hinely, a Registered Nurse.

1

Scott contends that after Hinely gave him Ivermectin without his knowledge, Scott began experiencing a high temperature, bad headaches, body aches, cotton mouth, cold sweats, watering eyes, and stomach issues. He states that the stomach issues continue to this day and have never resolved. Defendants deny the veracity of all of Scott's claims. They claim, first, that although Ivermectin was administered in the WCDC in 2020, it was not administered in May of that year when Scott was incarcerated. Second, Defendants have attached to their Motion Scott's medical records, which reflect that he was not given Ivermectin in May of 2020. Third, Defendants point out that Scott's claim that his constitutional rights were violated under 42 U.S.C. § 1983 is time-barred because he filed it past the three-year statute of limitations. Scott's justification for tolling the statute is that Defendants fraudulently concealed the fact that they were administering Ivermectin to him and other inmates, and Scott only found out the truth in October 2023, when he read an article describing a settlement between certain former inmates of the WCDC and Washington County and Karas Correctional Health.

On March 21, 2024, Magistrate Judge Comstock stayed discovery in this case so Defendants could brief the preliminary issue of whether Scott adequately exhausted his administrative remedies through the jail grievance process prior to filing suit. But when Defendants filed their motion, it was not confined to the issue of exhaustion. Instead, Defendants argued that Scott's suit should be dismissed on the merits—even before discovery commenced—and attached various exhibits to the Motion, including the affidavit of a WCDC nurse and Scott's medical records and written grievances. The Magistrate Judge reasoned that Scott's claims were not barred due to a failure to exhaust

2

because he could not have known in 2020 that he was being administered Ivermectin—so he could not have grieved about the situation at the time. As for Defendants' merits arguments, the Magistrate Judge declined to address them because they were premature.

The Court has now reviewed Defendants' Objections to the R&R and finds that they go to the merits of Scott's claims and not to the issue of exhaustion. Defendants' first argument is that Scott could not have been given Ivermectin in May 2020 because the drug was not administered to inmates for COVID-19 treatment or prevention back then. Second, Defendants claim that Scott only received Vitamin C, Zinc, Vitamin D, Keflex, and Cephalexin while he was incarcerated in 2020—and point to Scott's medical records to prove it. Third, Defendants assert that Nurse Earl Hinely never gave Scott any medications. Fourth, Defendants note that Scott's claims about lasting stomach problems due to Ivermectin are not supported by any proof. And fifth, they say the October 2023 news article that Scott cites in his Complaint is wrong about certain facts (generally, those that hurt Defendants and should therefore be disregarded) but right as to other facts (generally, those which help Defendants and should be credited).

After due consideration, Defendants' Objections (Doc. 32) are **OVERRULED**. The Court agrees with the Magistrate Judge that Scott's claims should not be dismissed due to failure to exhaust administrative remedies. The Court also agrees that it would be premature to dismiss this case on the merits before Scott has had the opportunity to take discovery. *See* Fed. R. Civ. P. 56(d). The stay is now lifted, and the parties may engage

in discovery. Defendants may submit a summary judgment motion on the merits no sooner than 120 days from the date of this Order.

**IT IS ORDERED** that the R&R (Doc. 31) is **ADOPTED IN ITS ENTIRETY**. Defendants' Motion for Summary Judgment Regarding the Issue of Exhaustion (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the stay of discovery (Doc. 16) is lifted. A scheduling order setting the matter for trial will issue separately.

**IT IS SO ORDERED** on this 4th day of March, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE